USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1286 JOSEPH P. DICICCO, Plaintiff, Appellant, v. EARL A. BONSEY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Joseph P. DiCicco on brief pro se. _________________ Carl F. Rella, Julie D. Jenkins and Rella, Dostie & Tucker, P.A., _____________ ________________ ____________________________ on brief for appellee Robert Tremblay. James M. Bowie and Thompson & Bowie on brief for appellee Sandra ______________ ________________ Hylander-Collier. Andrew Ketterer, Attorney General, and Paul Stern, Assistant _______________ __________ Attorney General, on brief for appellees Justices Roberts and Smith. ____________________ August 27, 1996 ____________________ Per Curiam. Upon careful review of the briefs and __________ record, we conclude that the district court properly dismissed appellant's complaint, essentially for the reasons stated by the magistrate judge and the district court. We add only the following comments. Contrary to appellant's arguments, we perceive no error in the dismissal of appellant's claims against the Maine state court judges. Those claims were inextricably intertwined with review of the state court proceedings, and so the district court lacked subject matter jurisdiction to consider them. See District of Columbia Court of Appeals v. ___ _____________________________________ Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust _______ ______ ______________ Co., 263 U.S. 413, 415-16 (1923); Lancellotti v. Fay, 909 ___ ___________ ___ F.2d 15, 17 (1st Cir. 1990). Further, we perceive no abuse of discretion in the district court's decision to dismiss appellant's remaining state claims, after his federal claims were dismissed. See ___ 28 U.S.C. 1367(c)(3); see also 28 U.S.C. 1367(d).  ________ Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -2-